**Larry J. BUDD, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION, District of Columbia Board of Parole, Warden, of FCI Ray Brook, Respondents–Appellees.**

Docket No. 01–2621.

United States Court of Appeals, Second Circuit.

Oct. 22, 2002.

Elizabeth S. Riker, Assistant United States Attorney (Joseph A. Parvone, United States Attorney, on the brief, Charles E. Roberts, Assistant United States Attorney, of counsel), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellant.

Larry J. Budd, pro se, Federal Correctional Institution, Petersburg, VA, for Appellee.

Present: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

For substantially the reasons set forth by Magistrate Judge Gustave J. Di Bianco in a Report and Recommendation dated August 7, 2001, which was adopted in its entirety by Judge Kahn on September 20, 2001, the judgment of the District Court dismissing appellant's petition for a writ of habeas corpus is affirmed.[1]

Additionally, the Court notes petitioner's statement in his reply brief that he filed a motion before the U.S. Parole Commission ("U.S.P.C.") to reopen his case pursuant to 28 C.F.R. § 2.28(a) in 1999, and that the U.S.P.C. has yet to rule on the motion. Petitioner has since been transferred at least twice, and the status of his motion is not clear. The Court brings this matter to the attention of appellant's counsel, who are also attorneys for the U.S.P.C., so that the matter may be brought to the attention of the U.S.P.C. for such consideration as they may deem appropriate under the circumstances.

We have reviewed the record and all of the petitioner's arguments. For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**

---

1. Petitioner identifies two factual errors in Magistrate Judge Di Bianco's opinion. Budd states that he did not plead guilty to several crimes in 1974 in the Superior Court for the District of Columbia, but rather that his conviction came by jury verdict. Second, he states that his initial parole hearing was not held on June 6, 1992, but rather was held on June 16, 1992 and also on October 20, 1992. Assuming petitioner's assertions to be true, the errors are not material to the Magistrate Judge's ultimate conclusions.